IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM HICKMAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil No. **07-829-JPG** |
| **ANDY G. HOCKING,** ) | |
| **HOCKING OIL COMPANY, INC., and** ) | |
| **COUNTRYMARK COOPERATIVE, LLP,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is defendants' Motion to Quash Subpoena Duces Tecum. **(Doc. 49)**.

Plaintiff filed a response at **Doc. 50**.

The court has extended the deadlines for discovery and dispositive motions once in this

case, on the grounds that the parties were engaged in settlement negotiations and had not

completed discovery. The deadline for the completion of discovery was extended to September

19, 2008. In that order, the court cautioned that "Once a lawsuit is filed, the parties cannot

reasonably expect to defer necessary discovery indefinitely while they talk settlement." **See,**

**Doc. 31.**

Thereafter, on November 19, 2008, a joint motion to re-open discovery and extend the

trial date was denied. Thus, the parties have been on notice that the court intends to try this case

at the current setting of January 12, 2009. The court has previously granted a motion to quash

notices of depositions which were served December 5, 2008. **See, Doc. 47.**

The instant motion concerns a subpoena duces tecum served by plaintiff on December

30, 2008.  The subpoena is directed to Wilcox & McCorkle & Co. Ltd., which is an accounting

firm that prepares income tax returns for defendants Hocking and Hocking Oil, Inc.  The

subpoena commands the production of all tax records of Hocking Oil, Inc., and Andy Hocking,

from 1994 to the present.  Wilcox & McCorkle & Co. Ltd., is located in Mt. Carmel, Illinois.

The documents are to be produced at the office of plaintiff's attorney, in Evansville, Indiana.

Defendants object to the subpoena for a number of reasons.  First, the deadline for the

completion of discovery was September 19, 2008.  Secondly, defendants object that the

requested documents are not relevant.  Further, the subpoena requires that the documents be

produced in Indiana.

Defendants are obviously correct in that the discovery deadline has expired.  Plaintiff

offers no suggestion as to why he could not subpoena the records earlier.

Plaintiff's response argues that the documents are relevant to plaintiff's claim for

punitive damages.  It is true that, under Illinois law, the financial status of the defendant is one of

the factors to be considered in analyzing the amount of a punitive damages award.  **See,**

***Republic Tobacco Company v. North Atlantic Trading Company, Inc.*, 381 F.3d 717, 735 ( 7th**

**Cir. 2004).**   However, the subpoena commands the production of "any and all tax records" of

defendants since 1994, which is an overly broad category of documents.  While evidence of

defendants' current financial status might be relevant (assuming that plaintiff can show that he is

entitled to punitive damages), the court has serious reservation about the breadth of the

subpoena.  The court need not decide that issue at this juncture, as the subpoena is fatally flawed.

The subpoena was issued by plaintiff's attorney using a subpoena form from this district.

However, it directs production of documents in Evansville, Indiana.  **Fed.R.Civ.P.  45(a)(2)(C)**

provides that a subpoena for production of documents "must issue" from "the court for the district where the production or inspection is to be made." Here, the place of production is outside this district.

Defendants' Motion to Quash Subpoena Duces Tecum **(Doc. 49)** is **GRANTED**. The subpoena duces tecum directed to Wilcox & McCorkle & Co. Ltd., is quashed.

**IT IS SO ORDERED.**

**DATE: January 5, 2009.**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**